# STATE OF NORTH CAROLINA

File No. 11CV 00849

BUNCOMBE County

FILED
2011 FEB 17 AM 8:31
BUNCOMBE COUNTY, C.S.C.
BY ___

In The General Court of Justice
☐ District ☒ Superior Court Division

**Name of Plaintiff**
BUNCOMBE COUNTY TOURISM DEVELOPMENT AUTHO
**Address**
c/o James Gary Rowe, Attorney
**City, State, Zip**
P. O. Box 2865  Asheville NC 28802

## CIVIL SUMMONS
☐ Alias and Pluries Summons

G.S. 1A-1, Rules 3, 4

**VERSUS**

**Name of Defendant(s)**
L & H SIGNS, INC., a Pennsylvania Corporation

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

### To Each of The Defendant(s) Named Below:

**Name And Address of Defendant 1**
L & H Signs, Inc.
National Registered Agents, Inc.
120 Penmarc Drive, Suite 118
Raleigh NC 27603

**Name And Address of Defendant 2**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)**
James Gary Rowe
Kelly & Rowe, P.A.
P. O. Box 2865
Asheville NC 28802   828-251-9310

Date Issued: 2-17-11   Time: 8:31  ☒ AM ☐ PM
Signature
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date of Endorsement   Time   ☐ AM ☐ PM
Signature
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)


EXHIBIT A

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
COUNTY OF BUNCOMBE
                                       11CV 00849

| | |
|---|---|
| BUNCOMBE COUNTY TOURISM DEVELOPMENT AUTHORITY<br>Plaintiff,<br><br>v.<br><br>L & H SIGNS, INC., a Pennsylvania Corporation,<br>Defendant. | COMPLAINT<br><br>Breach of Contract; Fraud; Negligent Misrepresentations; Unfair and Deceptive Trade Practices (N.C.G.S. §75-1.1, et seq); Punitive Damages (N.C.G.S. §1D-1); Attorney's Fees<br><br>JURY TRIAL DEMANDED |

NOW COMES the Plaintiff and says and alleges of the Defendant as follows:

## JURISDICTION AND PARTIES

1. The Plaintiff is a public authority created by the Buncombe County Board of Commissioners pursuant to specific statutory authority charged with promoting the development of travel and tourism within Buncombe County, North Carolina.

2. The Defendant L & H Signs, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania transacting business in the State of North Carolina and specifically in Buncombe County at all times herein alleged.

3. Plaintiff seeks damages against the Defendant arising out of Defendant's failure to perform its obligations under that certain contract for the "Asheville Area Wayfinding Program" entered into between the Plaintiff and Defendant and further seeks damages for fraud, negligent misrepresentations, and violation of the Unfair and Deceptive Trade Practice Statute of North Carolina together with punitive damages and attorney's fees.

4. Jurisdiction lies with this Court pursuant to specific agreement between the parties within the Contract that such disputes shall be decided by a civil action commenced, heard and tried only in Buncombe County, North Carolina.

## FACTUAL ALLEGATIONS

5. Plaintiff realleges those matters set forth in paragraphs 1 through 4 and incorporate the same herein by reference.

6. During the calendar year 2008, the Plaintiff undertook discussions concerning the implementation of a program to assist the public and specifically the tourist industry in pursuing the design, fabrication and installation of signage within Buncombe County to better inform and direct the public in finding and using the amenities and facilities present in Buncombe County in pursuit of the development of travel and tourism within the County.

7. In furtherance of those discussions the County undertook a process of addressing the most economical way to promote such goals and thereafter had bid documents prepared and submitted for consideration by contractors to fabricate and install various signs and other directional information throughout Buncombe County.

8. In response to such bid documents the Defendant submitted a proposal for such fabrication and installation pursuant to said bid document in the amount of $1,249,929.

9. On or about March 19, 2009, the Plaintiff notified the Defendant of its award of said contract to the Defendant and such acceptance of notice was executed by the Defendant on or about March 20, 2009.

10. On or about April 13, 2009, the Plaintiff entered into the fabrication and installation contract with the Defendant (hereinafter the "Contract").

11. Thereafter and following the Plaintiff's notice to proceed, the Defendant undertook performance of the Contract.

12. During the performance of such Contract and prior to acceptance by the Plaintiff of the work performed thereunder, all of the signs fabricated and installed by the Defendant pursuant to the Contract began to fail resulting in extensive peeling of the signage and other failures as hereinafter alleged.

13. In June of 2010 the Defendant was put on notice by the Plaintiff of the extensive failure of the signage fabricated and installed by the Defendant and was further instructed to resolve such issue concerning the defective signage.

14. Thereafter the Defendant failed and refused to correct the defective signage and Plaintiff has incurred expenses in excess of $285,000 to remedy the failure of the signs fabricated and installed by the Defendant, all as hereinafter more specifically alleged.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

15. Plaintiff realleges those matters set forth in Paragraphs 1 through 14 and incorporate the same herein by reference.

16. Under the terms and conditions of the Contract entered into between the Plaintiff and Defendant, the Defendant was to fabricate and install in a workmanlike manner consistent with the terms and conditions of the Contract numerous vehicular signs, parking garage entrance and exit signs and other directional and informational signs.

17. Under said Contract the Defendant was required to commence work on or before April 28, 2009, and to complete all such work under said Contract on or before January 5, 2010.

18. Prior to completion of the obligations of the Defendant under said Contract, the Plaintiff discovered that the signs installed by the Defendant were peeling and in other ways failing and in July of 2010 said Defendant was notified to cover all defective failing signs and immediately address such failures.

19. Defendant failed to acknowledge the nature and extent of the failing signage or to correct the same consistent with the terms of the Contract.

20. Defendant breached the Contract with Plaintiff by failing to perform its obligations thereunder including, but not limited to, the following:

- a. Failing to properly fabricate the signs to prevent the front of the signs peeling on vehicular signs and parking garage entrance and exit signs;

- b. Failing to properly fabricate the signs to prevent peeling on the back of all of the vehicular signs;

- c. Failing to properly prepare the signs to prevent the peeling away of graphics on the District Identification signs;

- d. Improperly installing the painted poles of the signs permitting deep scratches, gouges, uneven spraying and blotchy paint to exist on the poles upon which the signage was attached;

- e. Failing to properly construct the three-sided kiosks to insure proper fit of the panels on such kiosks;

- f. Failing to properly prepare the pedestrian level signs resulting in peeling of the graphics from the same;

- g. Failing to properly prepare the poles upon which the signage was attached to allow finials to properly fit the same;

- h. Failing to properly attach the finials to the sign poles;

- i. Failing to properly construct the poles upon which the signage was attached consistent with the Contract documents and the DOT "Break-Away" requirements;

3

j. Failing to install and/or deliver the proper number of signs as required in the Contract and as fabricated by the Defendant;

k. Failing to comply with the specifications of the Contract by applying a clear vinyl film (MACtac) to the sheeting (3M-3930) when such clear vinyl film was to be used as a glass window film;

l. Failing to apply the applicable Anti-Graffiti Protectant to the signs as required by the Contract;

m. Failing to properly construct and secure the marble base of a District Identification Gateway Monument;

n. Failing to use proper screws and other tools in the construction and installation of the sign panels, finials and kiosks.

21. Defendant further failed to complete its obligations under the Contract in a timely manner and as a result of such breach Plaintiff is entitled to liquidated damages at the rate of $500 per day from the date of such breach.

22. Further, as a result of the Defendant's breach of the Contract, including, but not limited to those items herein alleged, the Plaintiff has sustained damages in excess of $10,000 in repairing, replacing, and insuring the completion of the signage consistent with the terms and conditions of the Contract and in furtherance of its statutory obligations to Buncombe County, for which damages Plaintiff seeks recovery against the Defendant.

## SECOND CLAIM FOR RELIEF
### (Fraud - Actual and Constructive)

23. Plaintiff realleges those matters set forth in Paragraphs 1 through 22 and incorporate the same herein by reference.

24. In furtherance of its performance of the Contract, the Defendant specifically represented to the Plaintiff that:

a. It had the experience and expertise necessary to comply with the terms of the Contract and to construct the signage in a manner and method that would not result in peeling of the graphics or product placed on the front and back of the signs.

b. It had experience in the use of this method of application in the fabrication of the signs on other projects with no issues.

c. It had researched products and process for this method of fabrication.

4

d. It had tested the adhesiveness and propriety of using the MACtac clear vinyl film over the 3M-3930 sheeting and found the same to be compatible.

e. That it had prepared prototypes of the signage using the clear film vinyl over the 3M-3930 sheeting and that the same was approved by the Plaintiff.

25. The aforesaid representations made by the Defendant were false and the Defendant concealed from the Plaintiff the truth as to the application of the aforesaid products, their compatibility, its experience in use of the same, testing of such compatibility and the production of prototypes of such application.

26. The representations and concealments made by the Defendant were material facts and were reasonably calculated to deceive the Plaintiff. Further, Defendant knew that the representations they had made were false and/or the same were made recklessly without any knowledge of their truth or falsity as positive assertions. As to the material facts concealed by the Defendant or misrepresented by the Defendant to the Plaintiff as herein alleged, the Defendant knew that there was a duty on its part to disclose the same to the Plaintiff and it was recklessly indifferent in failing to so disclose.

27. The misrepresentations, concealments and fraud of the Defendant as herein alleged were undertaken with the intent to deceive the Plaintiff and the Plaintiff was in fact deceived by these misrepresentations and concealments resulting in its reliance thereon in entering into the Contract with the Defendant and in further pursuit thereof.

28. The Plaintiff has suffered actual damages as a result of its reasonable reliance upon the Defendant's fraudulent misrepresentations and concealments as herein alleged.

29. As a result of the actual and constructive fraud of the Defendant as herein alleged the Plaintiff has sustained damages in excess of $10,000 for which it is entitled to recover against the Defendant.

### THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation)

30. Plaintiff realleges those matters set forth in Paragraphs 1 through 29 and incorporate the same herein by reference.

31. The Defendant owed a duty to exercise reasonable care in obtaining and communicating information to the Plaintiff when it knew or in the exercise of reasonable care should have known that the Plaintiff would rely upon such information so supplied.

32. In the course of its dealings with the Plaintiff in representing its abilities to perform under the Contract and the specific compatibility of the signage product as herein alleged which in part induced the Plaintiff into entering into the Contract, the

Defendant supplied or concealed such information from the Plaintiff knowing that it would rely upon the information for guidance and/or benefit in deciding to enter into the Contract and to insure performance thereof.

33. The information supplied by the Defendant as herein alleged was false.

34. The Defendant failed to exercise reasonable care in obtaining and communicating information to the Plaintiff as herein alleged or concealed such information from the Plaintiff and Plaintiff relied upon such acts of the Defendant.

35. Plaintiff reasonably relied upon the misrepresentations Defendant made to Plaintiff and the concealments Defendant kept from Plaintiff as a result of such reliance, Plaintiff has sustained damages in excess of $10,000 for which is it entitled to recover against the Defendant.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices - (G.S. 75-1.1, et seq.)

36. Plaintiff realleges those matters set forth in Paragraphs 1 through 35 and incorporate the same herein by reference.

37. The acts and omissions, misrepresentations and concealments of the Defendant as herein alleged were unfair and deceptive acts or practices in or affecting commerce.

38. The acts and omissions, misrepresentations and concealments of the Defendant as herein alleged constitute unfair and deceptive trade practices involving consumers in commerce, including the Plaintiff, and constitute violations by Defendant of N.C.G.S. 75-1.1, et seq.

39. Plaintiff has been damaged by such unfair and deceptive acts of the Defendant as herein alleged in a sum in excess of $10,000 which it are entitled to recover from Defendant, said sum to be trebled pursuant to the provisions of N.C.G.S. 75-16.

40. Plaintiff is further entitled to recover from these Defendant it's attorney's fees reasonably incurred in the prosecution of this action pursuant to the provisions of N.C.G.S. 75-16.1.

## FIFTH CLAIM FOR RELIEF
### (Punitive Damages)

41. Plaintiff realleges those matters set forth in Paragraphs 1 through 40 and incorporate the same herein by reference.

42. The acts and omissions, misrepresentations and concealments of the Defendant as herein alleged were undertaken fraudulently, maliciously, willfully or

wantonly, intentionally and with reckless disregard for the rights of the Plaintiff for which Plaintiff is entitled to recover punitive damages against said Defendant in sum in excess of $10,000 pursuant to N.C.G.S. §1D-1, et seq.

WHEREFORE, Plaintiff prays judgment of this Court that they have and recover of the Defendant as follows:

1. Actual damages in a sum in excess of $10,000 on its First Claim for Relief.

2. Actual damages in a sum in excess of $10,000 on its Second Claim for Relief.

3. Actual damages in a sum in excess of $10,000 on its Third Claim for Relief.

4. Actual damages in a sum in excess of $10,000 to be trebled on its Fourth Claim for Relief together with reasonable attorney's fees.

5. Punitive damages in the discretion of the jury on its Fifth Claim for Relief.

6. Attorneys fees pursuant to the specific provisions of the Contract entered into between the Plaintiff and Defendant as herein alleged.

7. Interest as by law provided on all sums awarded Plaintiff, including prejudgment interest from the date of breach of the Contract by the Defendant.

8. The cost of this action to be taxed by the Court and such other and further relief as the Court deems just and proper.

9. PLAINTIFF DEMANDS A TRIAL BY JURY.

This the 17th day of February, 2011.

KELLY & ROWE, P.A.

By: _____
James Gary Rowe (N.C. State Bar #3794)
Attorneys for Plaintiff
P. O. Box 2865
Asheville NC 28802
828-251-9310
Facsimile: 828-251-9320